United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Burleigh House Condominium, Plaintiff, <br><br> v. <br><br> Rockhill Insurance Company et al., Defendants. | Civil Action No. 21-22911-Civ-Scola |

## Order Granting Dismissal

Plaintiff Burleigh House Condominium, Inc. brought this action against multiple insurers alleging that they failed to provide coverage in connection with losses it suffered after Hurricane Irma. (Am. Compl., ECF No. 18.) Before the Court are motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) timely filed by Defendants Evanston Insurance Company ("Evanston"), Colony Insurance Company ("Colony"), and Liberty Surplus Insurance Corporation ("Liberty").[1]

### 1. Legal Standard

A court considering a motion to dismiss filed under Rule 12(b)(6) must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 2. Discussion

The Plaintiff avers its loss was valued at $13,844,406.26. (Am. Compl. ¶ 28.) Evanston and Colony argue they are not required to provide coverage

---

[1] Colony moves for dismissal under Rule 12(b)(1) or in the alternative Rule 12(b)(6).

because they only agreed to provide excess insurance above $25,000,000. (Evanston's Mot. 2, ECF No. 45; Colony's Mot. 2-3, ECF No. 47.) Both insurers submit proof of their excess coverage thresholds being $25,000,000. (*See* ECF Nos. 45-1, 47-1.) Liberty argues it need only provide coverage in excess of $10,000,000 and submits a copy of its policy as well. (*See* ECF No. 33-1.)

The Plaintiff would have the Court ignore these submissions on the premise that "matters outside of the four-coners of the complaint may not be considered." (Opp. 3.) That is not true. "While the district court is generally barred from considering materials not attached to the complaint, an exception is made for documents that are both central to the plaintiff's claim and undisputed as to authenticity. Thus, for example, the district court may properly consider a document attached to a motion to dismiss, or otherwise made part of the record, if it is both central to the plaintiff's claim and indisputably authentic." *Reesey v. Fed. Emergency Mgmt. Agency*, No. 13-60488-CIV, 2013 WL 12086662, at *2 (S.D. Fla. July 9, 2013) (Scola, J.). Nowhere does the Plaintiff challenge the authenticity of the Defendants' proffered documents, which directly affect the Plaintiff's claim.

The Plaintiff admits that its complaint "fails to allege damages in excess of $25,000,000 or the exhaustion of [other insurers'] liabilit[ies]." (Opp. 3, ECF No. 56.) As such, the Plaintiff fails to state a plausible claim against Evanston and Colony. It does not, however, fail to state a claim against Liberty. Accepting the facts pled in the complaint as true, the Court finds that a claim against Liberty is plausible because the loss alleged implies north of $3.8 million in coverage by Liberty whose threshold is lower than the other Defendants'.

Despite that, the Plaintiff did not file a timely opposition to Liberty's motion, which also moves for a dismissal without prejudice on the basis of the Plaintiff's failure to provide pre-suit notice required by Florida law. In this respect, Local Rule 7.1 provides that failure to timely respond to a motion "may be deemed sufficient cause for granting the motion by default." L.R. 7.1(c).

### 3. Conclusion

Accordingly, the Court **grants** all three motions (**ECF Nos. 33, 45, 47**). The Court finds that the Plaintiff fails to state a claim as to Evanston and Colony in the sense of Rule 12(b)(6), and the Court separately dismisses the Plaintiff's claim against Liberty without prejudice for failure to comport with Local Rule 7.1. The Court will separately enter a judgment pursuant to Rule 58 as to Defendants Evanston and Colony. The Clerk shall **terminate** Defendants Evanston, Colony, and Liberty.

Additionally, upon an independent review of the record, the Court notes that the Plaintiff issued a second summons as to Defendant Hallmark

Speciality Insurance ("Hallmark") on January 27, 2022 (ECF No. 32) but has yet to file any proof of service. The Court **orders** the Plaintiff to show cause as to why the Court should not dismiss the Plaintiff's claim against Hallmark for failure to prosecute no later than **May 24, 2022**. Failure to timely respond to this order may result in dismissal.

**Done and ordered** at Miami, Florida on May 20, 2022.

Robert N. Scola, Jr.
United States District Judge